## U. J. Trimble, Adm., v. Juda Wheeler.

1. EVIDENCE—*Unexecuted Leases, When Admissible.*—A written lease prepared by the parties, but not executed by them, is competent evidence, and properly admitted for the purpose of showing what the parties considered the fair rental value of the premises described in it.

**Assumpsit,** for services, etc. Appeal from the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

ECKELS & KYLE, attorneys for appellant.

SCOTT & DAVIS, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit arose upon a claim for $798 presented by appellee in the County Court of Bureau County against the estate of her mother, Mary Brewer, deceased, for "extra care and keeping" from April 1, 1888, to August 30, 1894.

The county judge having been of counsel for claimant this cause was certified to the Circuit Court and there tried by a jury. There was a verdict for the claimant for $339, and a motion for a new trial having been denied, judgment

was entered for that amount. Appellant, who was the agent of deceased from 1884 until her death in 1894, and is now administrator of her estate, testified that he made a contract with claimant and her husband to take care of Mrs. Brewer for the use of the latter's house and twenty-seven and one-half acres of land which she owned, the rental value of which was about $15 a month. Claimant, on the contrary, denied that such a contract was made. It is not denied that during the time covered by the claim, appellee took care of and supported deceased. The latter was an old woman, partially disabled, and it is clear from the evidence that for at least a part of the last years of her life, it was worth much more to care for her than the use of the house and land. The evidence, both as to the making of the contract and the value of the services rendered by complainant, was conflicting, but we think it was sufficient to support the verdict and that substantial justice has been done.

It appeared from the evidence that prior to the time appellee and her husband moved upon the premises in question, the latter had a conversation with appellant concerning the renting of the same, offering to give therefor the sum of $12 a month. Appellant, after having consulted with Mrs. Brewer, agreed to the terms proposed and drew up a written lease to that effect, which he afterward submitted to appellee and her husband. Some further conversation, however, took place between the parties at that time and the lease was not signed. This unsigned lease was offered in evidence by appellee and admitted by the court against the objection of appellant. The latter insists that in admitting the lease the court erred. We think the lease was competent evidence and properly admitted for the reason that it was prepared by appellant as agent of Mrs. Brewer and tended to show what the parties considered the fair rental value of the premises.

We find in the record no reason for reversing this judgment, and it is therefore affirmed.